1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10   DEREK TYRONE BURTON,            )    No. EDCV 15-1793 R (FFM)
                                     )
11                    Petitioner,    )    ORDER TO SHOW CAUSE WHY
                                     )    PETITION SHOULD NOT BE
12        v.                         )    DISMISSED AS TIME-BARRED
                                     )
13   J. SOTO, WARDEN,                )
                                     )
14                    Respondent     )
     _____)

15

16        Petitioner, a prisoner in state custody, constructively filed[1] a Petition for Writ of

17   Habeas Corpus ("Petition") on or about August 27, 2015.  Petitioner challenges a 2011

18   conviction and sentence for burglary.  Petitioner alleges that his appeal of his conviction

19   resulted in an affirmance on November 29, 2012 and that his petition for review by the

20   California Supreme Court was denied on February 13, 2013.  (Petition at ¶¶ 3-5.)

21   Petitioner does not allege that he filed any habeas petitions in state court with respect to

22

23        [1]  A *pro se* prisoner's relevant filings may be construed as filed on the date they were
24   submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v.
     Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  Petitioner has not
25   provided a proof of service indicating when he provided the Petition to prison authorities.
     Although his signature on the Petition is dated May 7, 2015, the envelope bearing the
26   Petition is postmarked August 27, 2015.  Absent further evidence from petitioner, the
27   Court will assume that petitioner provided the signed Petition to authorities for mailing
28   on or about the date of the postmark.

his judgement of conviction, but petitioner has attached an order denying a petition for writ of habeas corpus by the San Bernardino Superior Court dated July 15, 2014.

## 1.    LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition.) Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Therefore, petitioner's conviction became final on May 14, 2013. Accordingly, the one-year limitations period expired on May 14, 2014. *Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until August 27, 2015, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

/ / /

/ / /

## 2.      STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, petitioner does not appear to be entitled to any statutory tolling. Although Petitioner does not allege that he filed any state court habeas petitions challenging his conviction or sentence, he does attach an order from the San Bernardino Superior Court denying a petition for writ of habeas corpus apparently filed by Petitioner. However, this state court petition could not have tolled the limitations period because it was not properly filed. Statutory tolling applies only to properly filed applications for state collateral relief. *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005). An action is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8-10, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).

Here, Petitioner's state court habeas petition was not properly filed because the state court denied it as being untimely and cited *In re Clark*, 5 Cal. 4th 750, 767-79, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993). A petition denied with a citation to *Clark* is not properly filed under 28 U.S.C. § 2244(d)(2). *See, e.g.*, *Montes v. Horel*, 2011 WL 1135358, *4 (C.D. Cal. Jan. 13, 2011); *Evans v. Marshall*, 2009 WL 363741, *7 (C.D. Cal. Feb.13, 2009); *Clemens v. McDonald*, 2011 WL 1260047, *7 (E.D. Cal. March 30, 2011); *Delander v. Hubbard*, 2008 WL 2622856, *6 (S.D. Cal. July 1, 2008); *Gonzalez v. Runnels*, 2008 WL 80744, *4 (E.D. Cal. Jan.7, 2008). Accordingly, Petitioner is

/ / /

entitled to no statutory tolling in connection with his state court habeas petition.  Thus, absent equitable tolling or an alternate start date, the Petition is untimely.

## 3.  EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner states that the California Supreme Court recently changed its interpretation of state law.  However, this statement does not demonstrate that extraordinary circumstances beyond petitioner's control made timely filing impossible of a federal habeas petition raising a federal claim (as opposed to a state law claim) and that petitioner has acted diligently in pursuing his rights.  Petitioner wholly fails to explain why he delayed in beginning to pursue collateral attacks on his conviction based on an alleged violation of Federal law.  Moreover, petitioner has made no showing of diligence, therefore, petitioner has not demonstrated that he is entitled to equitable tolling.

## 4.  NOTICE TO PETITIONER

In *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), the Supreme Court held that a District Court could properly exercise its discretion to raise the timeliness issue under AEDPA *sua sponte*, if (1) petitioner would not be significantly prejudiced; (2) the interests of justice would not be served by ignoring this particular time bar; and (3) it was not apparent from the record that respondent had intelligently chosen to waive the time bar.  547 U.S. at 211 and n.11.

/ / /

4

The Court therefore provides petitioner with notice of its intent to dismiss the Petition as time-barred and will provide petitioner with an opportunity, by way of responding to an order to show cause, to demonstrate why the Petition should not be dismissed.

**5.    ORDER TO SHOW CAUSE**

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed as time-barred.  If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.


DATED: October 1, 2015


                              /S/ FREDERICK F. MUMM
                              FREDERICK F. MUMM
                              United States Magistrate Judge